## Vincent Bessen v. Jean P. Gregoir, Appellant.

*Practice, C. P.—Appeal from justice stricken off for delay.*

An order striking off an appeal from the judgment of a justice will not be disturbed when due inspection of the record shows that the appeal was not taken within twenty days after judgment was given.

Argued May 14, 1897.   Appeal, No. 185, April T., 1897, by defendant, from order of C. P. Armstrong Co., Sept. Term, 1896, No. 236, striking off appeal from the magistrate.   Before Rice, P. J., Willard, Wickham, Beaver, Reeder and Orlady, JJ.   Affirmed.

Rule to strike off appeal from decision of a magistrate.   Before Rayburn, P. J.

The facts sufficiently appear in the opinion of the court.

*Error assigned* among others was (2) in striking off the appeal of defendant.

*Findley P. Wolfe*, for appellant.—The justice acted in good faith in allowing an appeal after twenty days : Noble v. Houk, 16 S. &. R. 420 ; Castner v. Bilbon, 1 Ches. 92.

The court, under the circumstances, should have permitted the appeal to be filed nunc pro tunc : Louderbach v. Boyd, 1 Ash. 380.

*H. N. Snyder*, for appellee.—If misled by the action of the justice it was his duty to at once petition the court for leave to file an appeal nunc pro tunc : Purnell v. Griffiths, 4 Kulp, 98.

After execution issued it is too late to file an appeal nunc pro tunc, even if delay was caused by the misleading conduct of the magistrate : Dobson v. Fell, 14 W. N. C. 456.

Opinion by Orlady, J., July 23, 1897 :

The transcript of the proceedings before the justice of the peace shows, that the summons in this case was issued and served on the defendant, July 8, 1896, and made returnable July 15 at ten o'clock A. M.   On the return day, by agreement

of the parties, the cause was continued until July 29 when a hearing was had, and the case was held over until August 1, on which date, a judgment in favor of the plaintiff was publicly entered, and the defendant's attorney was notified of the action of the justice. On the following August 24 an execution was issued, and three days later, an appeal was asked for by the defendant, which was granted by the justice and filed in the common pleas. On September 7 a motion to strike off the appeal was filed for reasons apparent on the record, to wit: "That the appeal was not taken for more than twenty days after entering judgment by the justice and notice to the defendant," on which motion a rule to show cause was granted. Testimony was taken and after argument before the court, on December 7 the rule was made absolute.

Inspection of the record shows that the appeal was not taken by the defendant within twenty days after judgment was given, as is required by law. After the hearing before the justice, the case was held over to a day certain, when judgment was publicly given against the defendant, and his attorney was notified of the fact. The misunderstanding on the part of the defendant doubtless arose by reason of his inability to understand our language, but there is no allegation or proof that he was misled by any act of the justice, and without other reasons this of itself is not sufficient to reverse the order of the court below in striking off the appeal. The judgment is affirmed.